### THE CITY OF SALINA v. A. C. WAIT.

CITY ORDINANCE—*Violation—Review.*  The court of appeals has no jurisdiction to review a judgment of the district court in favor of the defendant on quashing a complaint charging a violation of a city ordinance.

MEMORANDUM.—Appeal from Saline district court; R. F. THOMPSON, judge. A. C. Wait having been found guilty in a police court of violating an ordinance, the district court, on appeal, quashed the complaint, and plaintiff, the city of Salina, appeals. Returned to the supreme court. Opinion filed September 9, 1895.

*David Ritchie,* and *J. B. Hutchinson,* for appellant.
*Burch & Burch,* for appellee.

The opinion of the court was delivered by

CLARK, J.: The defendant, A. C. Wait, was charged in the police court in the city of Salina with the vio-

lation of ordinance No. 855 of said city, entitled "An ordinance to regulate the use of hacks and other vehicles, and to prescribe a punishment for the violation of the same." He was found guilty, and adjudged to pay a fine and the costs of prosecution. He appealed to the district court of Saline county, and, at the September, 1894, term thereof, on his motion, the said complaint was quashed, and the plaintiff was adjudged to pay the costs. To this ruling, decision, and judgment the city of Salina duly excepted, and prosecuted its appeal to the supreme court. All of said proceedings were had prior to the enactment of chapter 96 of the Laws of 1895, entitled "An act creating appellate courts, defining their jurisdiction, and the proceedings therein." Subsequent thereto, said cause, not having been submitted to the supreme court, the record thereof was certified to this court for review.

Under § 1 of the act above referred to, the jurisdiction of the supreme court and the procedure therein, except as otherwise declared in said act, remain the same as they were prior to said enactment. By § 2, two additional courts of record were created, to be known and styled as "the courts of appeals of the northern and the southern departments," respectively; and the jurisdiction of said courts of appeals is defined and declared by § 9, from an examination of which it will be observed that the appellate jurisdiction of said courts is limited to all cases of appeal from convictions for misdemeanor in the district and other courts of record; also, in all proceedings in error, as allowed by law, taken from orders and decisions of the district and other courts of record, or the judge thereof, except probate courts, in civil actions before final judgment; and from all final orders and judgments of such courts, within their re-

spective divisions, where the amount or value does not exceed $2,000, exclusive of interest and costs.

Before this court will review a judgment of an inferior court, it must first appear that it has jurisdiction of the subject-matter thereof; otherwise, its judgments would be of no validity or binding force. That this prosecution in the court below was in the nature of a criminal action, there appears to be no question, under the decisions of our supreme court; hence, the judgment therein can be reviewed only upon appeal, and not upon petition in error. The courts of appeals are given appellate jurisdiction in appeals from convictions for misdemeanors in the district and other courts of record, but jurisdiction to hear and determine an appeal from a judgment in favor of the defendant on quashing a complaint or information is not conferred upon said courts; hence, the record is not properly here, and the same will be by the clerk returned to the supreme court, with a copy of this opinion.

All the Judges concurring.